

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00355-CV

**WILLIAM M. WINDSOR,**

**Appellant**

**v.**

**SAM ROUND,**

**Appellee**

### From the 378th District Court
### Ellis County, Texas
### Trial Court No. 88611

## O R D E R

Appellant, William W. Windsor, is incarcerated.[1]   This is one of four interlocutory appeals in which appellant is acting as his own counsel.[2]  We have had difficulty in obtaining appellant's compliance with the rules and procedures of this

---

[1] Appellant has been filing documents more quickly than we are able to respond to them.  This order is based on information and documents received through the close of business on May 18, 2015 and will not be modified based on documents received thereafter.  Subsequently received documents will be addressed, if necessary, at a later date.

[2] *See* 10-14-00392-CV, *Windsor v. Fleming*; 10-15-00069-CV, *Windsor v. McDougald*; 10-15-00092-CV, *Windsor v. Joeyisalittlekid, et al*.

Court.

Appellant has never filed the documents to determine whether he is a pauper. Until his three most recent motions, he has paid, albeit late and after notice and threat of dismissal, most of the filing fees in all four proceedings. Other than the unsupported conclusory statement in his motion to continue the stay, "I cannot afford an attorney," he had not asserted he could not hire counsel to represent him in this appeal. Then, in two different motions entitled "Second Motion for Stay," he provided some financial information in an effort to explain why he cannot afford an attorney.[3] The information provided establishes he is able to pay filing fees. Appellant has contended, however, that due to his incarceration, he does not have adequate access to information and legal resources and has previously requested a stay until he has adequate access to the information and legal resources needed to handle his appeals. We granted his request for a stay, in part, by order issued April 2, 2015. We ordered this proceeding stayed for 35 days at which time the proceeding would be automatically reinstated.

Appellant filed a motion to continue the stay, and now apparently recognizing that the partial grant of a stay has now expired, has filed a second motion for stay and an amended second motion for stay of this appeal until he is released from jail.

Contrary to our explicit instructions in a letter dated March 16, 2015, appellant did not file his motion to continue the stay in each pending appeal; in fact, he did not

---

[3] We will refer to the second "Second Motion for Stay" as an amended second motion for stay.

even identify by case number or style of the proceeding, in which proceeding he wanted to file the motion. He noted only that he wanted it to be filed in all his proceedings other than his pending criminal appeal. Further, he did not pay the filing fee contemporaneously with the motion to continue the stay as required. Also contrary to our explicit instructions, appellant did not serve the motion on any other party to the proceeding; and there is no proof of service presented with the motion as appellant had been previously informed was required on every document filed with the Court.[4] We grow weary of appellant's blatant disregard of the rules and explicit notices from the Court, and we are not even close to being able to reach the merits of any of the issues in these proceedings.

Appellant's motion to continue the stay, second motion for stay, and amended second motion for stay are woefully deficient in their procedural compliance. Furthermore, we expressly explained that appellant would not be allowed to use his incarceration as a means to further delay the disposition of this proceeding—precisely the grounds for the extension of the stay which he seeks. Appellant's motions are thus also woefully deficient on their merits.

Accordingly, appellant's motion to continue the stay, second motion for stay, and amended second motion for stay are denied. The stay entered in this proceeding on April 2, 2015 was automatically lifted by its express terms on May 7, 2015 and the

---

[4] With regard to the second motion for stay and amended second motion for stay, Windsor did file a copy in each proceeding but failed to provide proper proof of service.

appellate timetable for this appeal resumed as of that date.

At this time, May 18, 2015, a $10 fee for appellant's motion for computer access is past due; a $10 fee for the motion for stay is past due; a $10 fee for the motion to continue the stay is past due; a $10 fee for the second motion for stay is past due; and payment for the clerk's record is past due.[5]  Failure to pay the four required motion filing fees within 21 days from the date of this Order will result in the dismissal of this appeal without further notice.  Further, failure to make arrangements to obtain the clerk's record and to also notify the Court of those arrangements within 21 days from the date of this Order will result in the dismissal of this appeal without further notice.[6]

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Motion for continued stay denied
Second motion for stay denied
Amended second motion for stay denied
Order issued and filed May 28, 2015



---

[5] Windsor paid for the amended second motion for stay.

[6] The parties should not assume that by allowing the further development of this appeal that the Court has determined whether this appeal should be dismissed for violation of a federal court's order that identified appellant as a vexatious litigant and enjoined appellant from filing any complaint or initiating any proceeding in any state or federal court or agency in the United States without first obtaining leave of a federal district court in the district where the new complaint or proceeding is to be filed.